UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FLETCHER ABRAM III** | **CIVIL ACTION** |
| **VERSUS** | **NO:   12-232** |
| **ASHLAND SERVICES, LLC, ET AL** | **SECTION: "A" (4)** |

## ORDER

Before the Court is **Motion to Compel Deposition, for Contempt of Court and for Sanctions (R. Doc. 67)** filed by the Plaintiff seeking an order from the Court to compel the deposition of Defendant Mickey Carmouche, to find Carmouche in contempt, and to sanction him for failing to attend his deposition. The Motion was not opposed. The motion was submitted on December 7, 2016. For the following reasons, the motion is **GRANTED IN PART and DENIED IN PART.**

I.   **Background**

Fletcher Abram III ("Plaintiff") filed this seaman's complaint in the District Court on January 24, 2012 under the Jones Act. R. Doc. 1. In his original complaint, the Plaintiff alleged that he suffered an suffered while in the course and scope of his employment with Ashland Services LLC onboard vessel #26. On August 10, 2012, the Plaintiff supplemented and amended his complaint to add Environmental Equipment, Inc. and Rodney Boudreaux as defendants. R. Doc. 12. On March 25, 2014, the Plaintiff again amended his complaint, adding R&R Boat Rentals, LLC, Mickey Carmouche, and Environmental Safety & Health Consulting Services, Inc. as defendants. R. Doc. 39. On June 12, 2014, the Plaintiff amended his complaint for a third time to add Ultimate Swamp Adventures, LLC as a defendant. R. Doc. 47. Against these defendants, the Plaintiff seeks $750,000 in addition to costs and interests. *Id.* at p. 3. The Plaintiff further seeks

1

maintenance and cure until the Plaintiff reaches maximum medical cure and attorney's fees, non-pecuniary damages, punitive damages and interest. *Id.* at p. 4.

In preparation for trial, the parties originally scheduled the deposition of Defendant Mickey Carmouche ("Carmouche") for June 16, 2016 after that date was agreed to by all parties. R. Doc. 67-1, p. 1. However, on June 16, 2016, Carmouche's counsel informed the other parties that he had informed Carmouche of the scheduled deposition for that date, but Carmouche had not confirmed the date and was not taking his attorney's telephone calls. *Id.* As such, Plaintiff's counsel retained a process server to serve a deposition subpoena on the defendant re-noticing the deposition for September 22, 2016. *Id.* Service was effectuated on Carmouche at his mother's house on August 24, 2016. R. Doc. 67-5. Again, on September, 22, 2016, Carmouche failed to appear, and the Plaintiff entered a *process-verbal*. R. Doc. 67-6, p. 5. Notably, Carmouche's attorney was present for the deposition and indicated that his client had again not contacted him to confirm the date of the deposition. *Id.*

At this time, the Plaintiff has filed a motion to compel the deposition of Carmouche. R. Doc. 67. The Plaintiff also seeks an order finding Carmouche in contempt and for sanctions to be levied against him for his failure to appear at his deposition after being legally served with a subpoena for his appearance at said deposition. *Id.*

## II.      Standard of Review

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an

interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

Rule 37(d) "provides for sanctions for discovery abuses in cases where no prior discovery order has issued." *Coane v. Ferrara Pan Candy Co.*, 898 F.2d 1030, 1031 (5th Cir. 1990). Rule 37(d)(1)(A)(i) provides:

> A. The court where action is pending may, on motion, order sanctions if:
>
>  i. A party…fails, after being served proper notice, to appear for that person's deposition.

*See also Shumock v. Columbia/HCA Healthcare Corp.*, No. Civ.A. 99–1777, 1999 WL 102829, at *1 (E.D. La. Nov. 10, 1999); *see also Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 592 (S.D. Texas 2011). "Awardable sanctions under [Rule 37(d)] are entirely flexible depending on the circumstances of each case." *Shumock v. Columbia/HCA Healthcare Corp.,* 1999 WL 1021829, at *1 n. 4 (E.D. La. Nov. 10, 1999) (citing *Nat'l Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639(1976)). Moreover, "[i]f a party fails to attend a deposition, the court 'shall' order that party to pay the opposing party's expenses unless the failure to attend was 'substantially justified.'" *Barnes v. Madison*, 79 F. App'x 691, 707 (5th Cir. 2003) (citing Fed. R. Civ. P. 37(d)). Finally, the actions triggering Rule 37(d) do not need to be willful and may be negligent; however, the level of culpability might inform the appropriate sanction. *Coane*, 898 F.2d at 1032 (quoting Fed. R. Civ. P. 37, Advisory Committee Notes to 1970 Amendment) ("[I]n view of the possibility of light sanctions, even a negligent failure should come within Rule 37(d).").

**III. <u>Analysis</u>**

The Plaintiff has filed a motion to compel the deposition of Carmouche as well as an order finding Carmouche in contempt and levying sanctions against him, particularly the attorney's fees

and costs for the deposition. R. Doc. 67. As discussed above, Carmouche failed to appear for his September 22, 2016 deposition after failing to appear at his June 16, 2016 deposition. R. Doc. 67-1, p. 1.

Carmouche was personally served notice of the September 22, 2016 deposition. R. Doc. 67-4. The Court is satisfied that Carmouche properly received notice per Federal Rule of Civil Procedure 30(b). Fed. R. Civ. P. 30(b)(1) ("give reasonable written notice to every other party. . . . stat[ing] the time and place of the deposition and, if known, the deponent's name and address"). Given Carmouche's failure to attend either deposition being properly noticed, the Court first orders Carmouche to appear for a deposition no later than thirty days from the issuance of this order.

Second, when a party fails to attend his own deposition, the Court "shall" order that party to pay the opposing parties expenses for his failure to attend unless his is "substantially justified." *Barnes*, 79 F. App'x at 707. Here, Carmouche has not opposed the instant motion and has offered no reason for his failure to appear. The Court therefore finds that his failure to appear was not substantially justified and will award Plaintiff's counsel expenses for his failure to attend. Moreover, because the Carmouche's failure to attend appears to be of his own choosing and not Carmouche's counsel, the Court will hold Carmouche responsible for paying these costs. Fed. R. Civ. P. 37(d)(3) ("the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure.").

Third, and finally, the Plaintiff also asks the Court to find Carmouche in contempt for his failure to attend his own deposition. R. Doc. 67-1, p. 3. Under Federal Rule of Civil Procedure 37(d)(3), the Court may sanction a party's failure to attend his own deposition and may impose any of the sanctions described in Rule 37(d)(1)(A)(i)-(vi). Notably, this does not include a finding of contempt located at 37(b)(2)(A)(vii). As such, the Court cannot find Carmouche in contempt at

4

this time; however, should Carmouche fail to appear for a deposition under this order, contempt may become an appropriate sanction.

## IV. Conclusion

**IT IS ORDERED** that the Plaintiff's **Motion to Compel Deposition, for Contempt of Court and for Sanctions (R. Doc. 67)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that Mickey Carmouche is ordered to appear for his deposition **within thirty (30) days of the issuance of this order.**

**IT IS FURTHER ORDERED** that the motion is **DENIED** to the extent that Mickey Carmouche is not found in contempt.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that Fletcher Abram, III is awarded the reasonable expenses, including attorney's fees, caused by Mickey Carmouche's failure to attend his September 22, 2016 deposition.

**IT IS FURTHER ORDERED** that the Plaintiff Fletcher Abram, III shall file a motion to fix attorney fees and expenses into the record by **December 21, 2016,** along with: (1) an affidavit attesting to its attorney's education, background, skills and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **December 27, 2016**. The motion shall be set for hearing on **January 4, 2016**, to be heard without oral argument.

New Orleans, Louisiana, this 7th day of December 2016.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

**CLERK TO NOTIFY:**

MICKEY CARMOUCHE
5283 PRIVATEER BOULEVARD
BARATARIA, LOUISIANA 70036